**Richard O'BRIEN, Appellant**

v.

**State of NEW JERSEY.**

No. 06–2452.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Under Third Circuit LAR 27.4 and
I.O.P. 10.6 Jan. 8, 2007.

Filed: April 3, 2007.

_____

On Appeal from the United States District Court for the District of New Jersey

(D.C. Civil No. 05–cv–03809), District Judge: Honorable Garrett E. Brown, Jr.

Richard O'Brien, Gloucester City, NJ, pro se.

Lisa D. Ruch, Office of Attorney General of New Jersey, Department of Law and Public Safety, Trenton, NJ, for State of New Jersey.

Before: RENDELL, AMBRO and ROTH, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Appellant, Richard O'Brien, timely appeals from the District Court's grant of defendant's Motion to Dismiss based on sovereign immunity.

O'Brien is a former firefighter for the City of Hackensack who claims that the State of New Jersey violated his constitutional rights by mishandling the appeal of his discharge from that employment. Specifically, he alleges that the State Department of Personnel acted improperly by rejecting his appeal due to his failure to attend a hearing that was held ten months before he had filed that appeal. He sought to have the District Court waive the time limitation on his appeal, overturn the underlying employment decision, and award money damages. The District Court denied his motion to file an amended complaint adding as defendants various State officers acting in their official capacities.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and undertake plenary review of the District Court's ruling on immunity. _See United States v. Gov't of V.I.,_ 363 F.3d 276, 284 (3d Cir.2004). States may not be sued by private parties in federal court unless Congress has exercised its limited power to authorize such suits or the state waives its sovereign im-

munity by consenting to suit. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669–70, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). Here, the State of New Jersey is the only defendant.[1] As sovereign immunity has neither been abrogated by Congress nor waived by the state in this case, we conclude that the complaint was properly dismissed.[2]

Accordingly, we will affirm the order of the district court. Appellant's motion for appointment of counsel is denied.

---

1. The proposed amendment to the complaint would have been futile. Suits against state officers acting in their official capacities are treated the same as suits against the state itself, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), except in limited circumstances not present here. *See, e.g., Verizon Md., Inc. v. Public Servs. Comm'n*, 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002).

2. On December 7, 2006, we requested that appellant submit a two-page brief addressing the sovereign immunity issue. Appellant's motion to increase the page limit of his brief in response to court order from two to four pages is granted. We have given full consideration to all arguments contained in the submitted brief.